IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

MARKS & SOKOLOV, LLC

v.                                                    C.A. NO. 13-3152

SHAHROKH MIRESKANDARI and
PAUL BAXENDALE-WALKER

**<u>MEMORANDUM OPINION</u>**

SCHMEHL, J. /s/ JLS

JULY 27, 2015

By Memorandum Opinion and Order entered on March 11, 2015, this Court denied the defendants' motion to set aside a default judgment entered against them in the amount of $229, 693.25. (ECF 52, 53). In that Opinion, the Court detailed the extent the defendants went to willfully evade service of process in this action by, <u>inter alia</u>, providing what turned out to be false addresses to a federal district court in California and, in the case of defendant Paul Baxendale-Walker ("PBW"), even initially denying knowing the name of his own assistant. (ECF 53, pp. 8-9, fn. 3). The Opinion also documents PBW's blatant attempts at forum shopping. Defendants subsequently filed a timely appeal, which is pending. (ECF 54).

In another Order entered on dated March 11, 2015, the Court denied defendants' pending motions for stay of execution and of discovery in aid of execution, and for protective order since the Court had just   denied the defendants' motion to vacate the default judgment. (ECF 51). In yet another order entered on March 11, 2015, the Court granted plaintiff's motion to compel discovery responses and ordered defendants to "provide full, complete and verified responses to Plaintiff's

Interrogatories and Request for Production of Documents in Aid of Execution within seven (7) days or suffer sanctions..." (ECF 50).

On March 18, 2015, defendants filed a motion to stay the Court's March 11, 2015 Order (ECF 50) pending appeal and requested permission to post bond to secure the judgment. (ECF 56). By Order dated April 2, 2015, the Court conditionally granted the motion to stay provided defendants post a supersedeas bond from a recognized Pennsylvania surety in the amount of $223,00.00 within seven (7) days of the entry of the Order. (ECF 59).   In the same Order, the Court stated that in the event defendants failed to post the supersedeas bond within seven days, the stay would be vacated. (ECF 59). When defendants failed to post the supersedeas bond within seven days, the Court vacated its April 2, 2015 Order and ordered that the defendants' motion to stay the Court's March 11, 2015 Order (ECF 50) directing defendants to complete discovery in aid of execution was denied. (ECF 61).   Since that time, defendant Shahrokh Mireskandari ("SM") has apparently complied with plaintiff's discovery requests in aid of execution, but PBW has refused to do so. Presently before the Court is the plaintiff's "Rule 37 Motion to hold defendant Paul Baxendale-Walker ("PBW") in contempt of and imposition of mandatory sanctions." (ECF 62). On June 29, 2015, the Court held oral argument on the motion. For the reasons that follow, the motion is granted.[1]

---

[1] The fact that this matter is currently on appeal does not divest this court of jurisdiction from deciding the motion for contempt. A district court may act to enforce a judgment that has not been stayed or superseded. 20 Moore's Federal Practice, § 303.32 [2][c][vi]. As a result, district courts may use their contempt power to enforce a judgment or order that has not been stayed pending appeal. See, e.g., Brown v. Braddick, 595 F.2d 961, 964-65 (5th Cir. 1979)(approving contempt proceedings to enforce discovery order).

Civil contempt sanctions "may be imposed in an ordinary civil proceeding upon notice and an opportunity to be heard." Newton v. A.C. & S. Inc. 918 F.2d 1121, 1127 (3d Cir. 1990). These customary procedural safeguards ensure that the parties or their attorneys have an opportunity to explain the conduct deemed deficient before the fine is imposed and that a record will be available to facilitate appellate review." Id. However, an evidentiary hearing is unnecessary if "the relevant facts are undisputed" and "the only question remaining is whether those facts justified a finding of contempt." Harris v. City of Phila., 47 F.3d 1311, 1340 (3d Cir. 1995).   Here, the Court held oral argument on the motion for contempt during which the Court gave PBW's counsel every chance to explain his client's conduct. In addition, there are no facts in dispute and the only issue is whether it was physically impossible for PBW to have complied with the Court's March 11, 2015 Order. (ECF 50).

"Civil contempt is a severe remedy, and should not be resorted to where there is fair ground of doubt." Nelson Tool & Machine Co., Inc. v. Wonderland Originals Ltd., 491 F. Supp. 268, 269 (E.D. Pa. 1980). Proof of contempt requires a movant to demonstrate: "(1) that a valid order of the court existed; (2) that the defendants had knowledge of the order; and (3) that the defendants disobeyed the order." F.T.C. v. Lane Labs-USA, Inc., 624 F.3d 575, 582 (3d Cir. 2010); Harris, 47 F.3d at 1326 (3d Cir. 1995). These elements "must be proven by `clear and convincing' evidence, and ambiguities must be resolved in favor of the party charged with contempt." John T. v. Del. Cty. Intermediate Unit, 318 F.3d 545, 552 (3d Cir. 2003). Although courts should hesitate to adjudge a defendant in contempt when "there is ground to doubt the wrongfulness of the conduct," an alleged contemnor's behavior does not have to be willful for a court to reach a finding of civil contempt. Robin Woods v. Woods, 28 F.3d 396, 399 (3d Cir. 1994)(quoting Quinter v. Volkswagen of Am.,

676 F.2d 969, 974 (3d Cir. 1982)). In other words, "good faith is not a defense to civil contempt."

Robin Woods, 28 F.3d at 399. PBW does not dispute, and the Court finds, that plaintiff has

satisfied the three elements for a finding of civil contempt by clear and convincing evidence. PBW

argues that he should nevertheless not be held in civil contempt because it was physically

impossible for him to have obeyed the March 11, 2015 Order. Physical impossibility is a valid

defense against a finding of civil contempt. See Harris, 47 F.3d at 1324; see also Halderman, 673

F.2d 628, 638-39 (3d Cir. 1982)(holding that impossibility is a defense to a motion for civil

contempt).

To support his defense, PBW has provided a letter dated April 23, 2015, from a Michael

Farzam, MD whose title is listed on the letter as "House Call Doctor Los Angeles." (ECF 68-2). In

the letter, Dr. Farzam states that he is a physician licensed to practice medicine as a general

practitioner and that PBW has been under his medical care since January, 2010. He further states

that he "conducted a full physical examination of [PBW] on January 19 and 20, 2015 (having

flown urgently from Los Angeles to London to do so)." (ECF 68-2). Dr. Farzam opines that PBW

suffers from, *inter alia*, the following maladies:

> a) severe gastrointestinal symptoms of chronic abdominal cramps, bloating,
> diarrhea and irritable bowel syndrome makes him incapable of participating in
> court related activity.

> b) peripheral neuropathy fibromyalgia resulting in chronic pain do not allow him to
> effectively communicate with counsel.

> c) diagnosis of generalized anxiety disorder, depression and post-traumatic stress
> disorder have led to significant cognitive limitations, causing lack of focus and
> attention to even the most basic tasks of living.

(ECF 68-2). The letter is silent as to when PBW began to first suffer from these alleged maladies.

PBW has also submitted a 42-page "psychodiagnostic evaluation" from Erisa M. Preston,

Psy.D. dated June 9, 2015, which was written following a two-day video-taped evaluation of PBW in California. Dr. Preston opines that PBW suffers from "Dementia, Not Otherwise Specified, Generalized Anxiety Disorder and Major Depressive Disorder, Recurrent, Moderate." (Preston Evaluation, p. 40). Dr. Preston opined that it would be "completely intolerable" for PBW to sit in a courtroom for an extended length of time. (Id. at p. 39).[2] Dr. Preston further opined that "[a]t most, it appears [PBW] can sit and concentrate for up to 40 minutes, though his level of productive attention and focus diminishes greatly after approximately 20 minutes." (Id.).[3]

PBW has also submitted a copy of a letter from neurologist Hart C.M. Cohen, M.D., F.R.C.P. ℗ to Dr. Farzam in which Dr. Cohen reported the results of an examination he conducted of PBW on June 23, 2015. (ECF 79-1). Dr. Cohen reports that PBW suffers from "moderate dementia" with a prognosis of further decline. (Id. at p. 1). Dr. Cohen opined that "[PBW's] neurocognitive deficits and physical/neurologic deficits preclude the patient from participating in the preparation of legal proceedings, or attending at legal proceedings in court, or giving evidence in court, particularly, when such relates to matters of long-term memory, in which the patient has a severe deficit." (Id. at p. 2). Interestingly enough, PBW has neglected to inform the Court that on March 30, 2015, he and SM filed a motion to lift a stay that had been entered in an action in the Superior Court of California in which PBW brought suit against plaintiff and another law firm for alleged malpractice and breach of fiduciary duties.[4] (ECF 69-4). After plaintiff opposed the

---

[2] This point is irrelevant because PBW is not being requested to sit in a courtroom for "an extended length of time." All he is required to do is comply with discovery requests.

[3] That should be enough time for PBW to comply with the discovery requests in this matter.

[4]*Paul Baxendale-Walker and Shahrokh Mireskandari v. Novak, Druce, Connolly, Bove, Quigg LLP; Seyfarth Shaw; and Marks & Sokolov*, Los Angeles Superior Ct., No. BC 631449.

motion to lift the stay, PBW and SM filed a reply brief on April 17, 2015. (ECF 69-5).

In neither his motion to lift the stay filed on March 30, 2015 nor in his reply brief filed on April 17, 2015, did PBW mention that he suffered from any malady that would prevent him from proceeding as a plaintiff in the California state action despite Dr. Farzam's purported January 19-20, 2015 full examination of PBW having taken place two months earlier. The Superior Court of California ultimately denied the motion to lift the stay. (ECF 69-7).

But, in another matter, where PBW and SM were defendants in a suit brought in the Superior Court of California by a California law firm for unpaid legal fees,[5] PBW claimed in an ex parte application to continue trial filed on February 18, 2015, that he suffered from "cognitive impairment" and was unable to travel to Los Angeles.[6] (ECF 69-8). The application to continue that trial relied on a January 31, 2015 letter from Dr. Farzam which states that the results of an MRI show that PBW is suffering from a "severe debilitating brain illness." (ECF 69-8, pp. 10-13). Dr Farzam opined that PBW is not fit to attend Court and that "attending and/or participating in court proceedings will detrimentally and irreversibly affect his mental and physical health." (Id.). Dr. Farzam also stated that PBW maintained the ability to communicate with his attorneys in writing. (Id.). On February 24, 2015, the Superior Court of California rejected PBW's application to continue trial and entered judgment against him and SM, jointly and severally, in the amount of $355,822.08 plus interest and costs. (ECF 69-9).

---

[5] *Blecher Collins v. Paul Baxendale-Walker and Shahrokh Mireskandari*, Los Angeles Superior Ct., Nos. 540650 and 542523.

[6] Yet, PBW was examined in Los Angeles in June of 2015 by both Dr. Preston and Dr. Cohen. Indeed, Dr. Preston noted in her June 9, 2015 evaluation that PBW "splits his time between his home in the English countryside and his home in Los Angeles, California. His girlfriend of 3 years lives with him in both locations.....He is assisted by a valet/butler who attends to all of his personal needs." Preston Evaluation, p. 2.

Based on his actions in the Superior Court of California, it appears that when PBW is a plaintiff, he has no problem directing his counsel how to proceed and makes no mention of any debilitating illness, but when he is a defendant, he suddenly suffers from a cognitive impairment which purportedly prevents him from participating in court proceedings. It certainly appears that PBW is pursuing the same strategy as a defendant in this Court. None of the doctors' submissions provides an approximate onset date for PBW's cognitive impairment or moderate dementia. The Court finds it difficult to believe that PBW was suddenly afflicted with moderate dementia in June of 2015, given the actions taken by him and his counsel both in this action and in the Superior Court of California in the months leading up to this diagnosis.

In any event, plaintiff is not requesting that PBW appear in Court at all, let alone for any substantial length of time. Rather, plaintiff is merely requiring PBW to answer interrogatories and requests for production of documents in aid of execution of a default judgment against PBW that would never had been entered against him in the first place had he chose to answer the Complaint and not to evade service. None of PBW's submissions state that PBW is unable to answer interrogatories or requests for production of documents. Moreover, even if PBW has suddenly become incapacitated as described by his physicians, the Court is confident that his counsel would be able to assist him in answering the interrogatories in aid of execution.

In addition, the Court notes that none of the three doctors' submissions are sworn to or made under penalty of perjury under 28 U.S.C. § 1746. None of the opinions contained in the submissions state that they are made "within a reasonable degree of medical certainty." None of the submissions qualify as expert reports under Rule 26 of the Federal Rules of Civil Procedure. Finally, none of the submissions satisfy the reliability requirements of Rule 702 of the Federal Rules of Evidence in that they do not contain any corroborating diagnostics such as the results of

blood work, CT scans, MRI and medical records or, in the case of Dr. Preston, a copy of the two day video-taped psychological evaluation. Accordingly, this Court rejects PBW's claim of physical impossibility for failing to comply with the Court's March 11, 2015 Order (ECF 50) and finds PBW to be in contempt.

Compensatory sanctions should not exceed the actual loss suffered by the party that was wronged, United States v. United Mine Workers, 330 U.S. 258, 304 (1947) and should be tailored so that they do not harm broader public interests. Elkin v. Fauver, 969 F.2d 48, 52 (3d Cir. 1992). The most common compensatory fine reimburses the injured party for attorney's fees and similar costs incurred as a result of the other party's contempt of court.

In an affidavit from Thomas C. Sullivan, Esq., plaintiff claims that it has incurred a total of $31,125.00 in attorney's fees and costs for review, legal research, drafting and filing various responses to three different motions by defendants to stay the proceedings as well as a motion to compel and the Rule 37 motion for contempt and mandatory sanctions. (ECF 62-2). PBW does not object to the rates charged, but claims the motions filed were excessive and the hours spent thereon were unreasonable. Plaintiff has offered to reduce its claim to $10,000 as a fair and equitable accommodation. (ECF 62-1, p.6). The Court agrees that plaintiff's offer is reasonable and will impose compensatory sanction in the amount of $10,000.[7]

Plaintiff also seeks a coercive fine in the amount of $500 per day until PBW makes full, complete and verified responses to plaintiff's discovery, without objection. In civil contempt proceedings, the classic example of a coercive fine is "a per diem fine imposed for each day a

---

[7] Plaintiff has also requested an additional $8,575 in attorney's fees due to PBW's continuing violation of the March 11, 2015 Order. (ECF 69). This request is denied as the Court finds that the sum of $10,000 will adequately compensate plaintiff for the fees and costs it incurred as a result of PBW failing to comply with the March 11, 215 Order.

contemnor fails to comply with an affirmative court order." <u>Int'l Union, United Mine Workers v.</u> <u>Bagwell</u>, 512 U.S. 821, 829 (1994). Given that PBW is an individual (albeit an apparently very wealthy one), the Court will impose a per diem fine in the amount of $250 for each day PBW fails to comply with the March 11, 2015 Order (ECF 50).

An appropriate Order follows.