IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

MARKS & SOKOLOV, LLC

v.                                        C.A. NO. 13-3152

FILED

DEC  7 2015

SHAHROKH MIRESKANDARI and
PAUL BAXENDALE-WALKER

MICHAEL E. KUNZ, Clerk
By_____ Dep. Clerk

MEMORANDUM OPINION

SCHMEHL, J.                               DECEMBER 7, 2015

Defendant Paul Baxendale-Walker ("PBW") continues to take every action he possibly

can to avoid paying a $229,693.25 judgment by default entered against him and co-defendant

Sharokh Mireskandari on April 10, 2014. (ECF 18). Based in part on this Court's finding that

defendants willfully evaded service in this action for unpaid legal fees, the Court denied

defendants' motion to vacate the default judgment. (ECF 52, 53). The Court also ordered that

defendants shall provide full, complete, and verified responses to plaintiff's Interrogatories and

Requests for Production of Documents in Aid of Execution within seven days of the date of the

Order or suffer sanctions. (ECF 50). The Court agreed to stay its Order denying defendants'

motion to vacate the default judgment provided that the defendants post a supersedeas bond in

the amount of $223,000. (Doc. 59).When defendants claimed they were not in a position to post

such a bond, the Court vacated its previous Order and denied the defendants' motion for a stay

pending appeal. (Doc. 61).

Defendant PBW did not comply with the Court's Order to provide discovery in aid of

execution. (ECF 50). Instead, on May 8, 2015, PBW, for the first time, claimed that he "was suffering from serious medical conditions which not only impaired his ability to communicate with counsel but prevented him from doing so." (ECF 68-3, p. 3). PBW also claimed he suffers from "a host of psychological and physiological maladies, impairing his ability to participate in court related proceedings, including without limitation, responding to discovery." (Id., p. 6).

On May 13, 2015, plaintiff served its Second Request for Production of Documents in Aid of Execution for documents related to PBW's alleged inability to communicate with counsel as well as credit card and telephone records from after January 1, 2015 and medical records relating to PBW's alleged condition. After PBW failed to respond, plaintiff filed a motion to compel.[Doc. 81].

Plaintiff filed a motion to hold PBW in contempt for failing to comply with the Court's Order to provide discovery in aid of execution. (ECF 62). Following oral argument, the Court granted the motion for contempt, finding PBW to be in contempt of the Court's March 11, 2015 Order to provide discovery in aid of execution. (ECF 87). The Court also ordered PBW to pay attorney's fees and costs to plaintiff in the amount of $10,000 within 10 days and directed PBW to provide full, complete and verified responses to plaintiff's discovery in aid of execution within 10 days. (Id.). The Court also ordered that in the event PBW did not comply he would be fined $250 per day until he fully complied. (Id.). In rejecting PBW's arguments, the Court noted that "[b]ased on his action in the Superior Court of California, it appears that when PBW is a plaintiff, he has no problem directing his counsel how to proceed and makes no mention of any debilitating illness, but when he is a defendant, he suddenly suffers from a cognitive impairment which purportedly prevents him from participating in court proceedings." (ECF 86, p. 7).

Instead of attempting to purge the contempt, PBW filed a motion to reconsider and/or vacate the Court's July 29, 2015 contempt Order which is presently pending before the Court. (ECF 90). In that motion, PBW again asserted that he is "unable to participate in the discovery process due to serious health issues", "incapable of effectively communicating or having effective communications with counsel" and "physically not fit to take part [in] any court-related proceeding."(Id., p. 5). PBW also argued that there is "no evidence to suggest that [PBW] is capable of providing direction to counsel sufficient to answer the extensive outstanding discovery served by Plaintiff in this case." (Id., p. 11).

Around the same time, on May 29, 2015, plaintiff served a subpoena on PBW's previous counsel, The Chartwell Law Offices, LLP ("Chartwell") requesting, inter alia, all email communications between PBW and his previous counsel after January 1, 2015. Chartwell did not file objections to the subpoena nor state any claim of privilege within 14 days as provided in Fed.R.Civ.P 45(c)(2)(B). On June 17, 2015, Chartwell withdrew from the case and the firm of Obermayer, Rebmann, Maxwell & Hippel, LLP ("Obermayer") entered its appearance. Although Chartwell apparently had an agreement with plaintiff's counsel to provide a privilege log by June 24, 2015, Obermayer directed Chartwell not to turn over the privilege log. (ECF 97-2). This was just five days before the Court was to hear oral argument on plaintiff's motion for contempt. Pursuant to Obermayer's instructions, Chartwell refused to turn over the privilege log.

On August 19, 2015, Chartwell ultimately sent plaintiff a privilege log which contains, inter alia, 37 email communications between PBW and Chartwell since January 1, 2015 with 11 of the 37 actually originating from PBW. (ECF 101-1). Plaintiff contends that it is entitled to see all of these emails because they are likely to refute PBW's claim that he is unable to

3

communicate with his attorneys and respond to plaintiff's outstanding interrogatories in aid of execution of the default judgment. Plaintiff also contends that PBW waived any objection to the confidentiality of the list by failing to timely object and that PBW waived any claim of attorney-client privilege because it is PBW himself who has been constantly claiming that his health prevents him from communicating with counsel.

During oral argument on October 29, 2015, Obermayer offered to submit for *in camera* review a one-page list that Obermayer represented contained the 12 emails PBW sent to Chartwell after January 1, 2015.[1] The Court accepted counsel's offer.

The Court has reviewed the list *in camera* and finds that the list is highly relevant to PBW's claim that he is physically unable to communicate with his counsel and  participate in this litigation. The Court also finds that Chartwell did not raise any timely objections to the production of the list, and that PBW has waived any objections on the basis of attorney client privilege because PBW clearly put his ability to communicate with his counsel at issue in this matter. See Travelers Cas. and Surety Co. v. Ins. Co. of North America, 609 F.3d 143, 164 (3d Cir. 2010)("'[T]he attorney-client privilege cannot at once be used as a shield and a sword. . . . Thus, the privilege may be implicitly waived when [the party claiming the privilege] asserts a claim that in fairness requires examination of the protected communications.'") quoting United States v. Bilzerian, 926 F.2d 1285, 1292 (2nd Cir. 1991)(brackets in original).

The Court will therefore order Obermayer to turn over to plaintiff's counsel within five days of this order the list containing the 12 emails that Obermayer submitted to the Court for *in*

---

[1]These 25 emails apparently contained references to PBW's co-defendant whose own attorney-client privilege could not be waived by the actions of PBW.

*camera* review during the oral argument on October 29, 2015. The Court will also grant plaintiff

a period of 10 days to supplement its response to PBW's pending motion to reconsider and/or

vacate the Court's July 29, 2015 contempt Order. (ECF 90).