IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| Marks & Sokolov, LLC<br>          Plaintiff<br><br>v.<br><br>Shahrokh Mireskandari<br>and<br>Paul Baxendale-Walker<br>          Defendants | Civil Action No. 2:13-cv-03152 |
|---|---|

**MEMORANDUM OPINION**

SCHMEHL, J.    /s/ JLS                                                                                         MAY 10, 2016

  The plaintiff brought this breach of contract action on June 7, 2013 seeking unpaid legal fees from the defendants for plaintiff's representation of the defendants in the matter of <u>Mireskandari, Baxendale-Walker v. Mayne</u>, <u>et al</u>., No. 2:13-cv-04796 ("the Mayne matter") in the United States District Court for the Central District of California.  Subject matter jurisdiction was premised on diversity of citizenship. (ECF 1, ¶ 5.) Since defendants did not appear nor respond to the Complaint in any manner, the Court entered judgment by default against the defendants in the amount of $229,693.25. (ECF 18.)  After this Court denied the defendants' motion to set aside the default judgment (ECF 52), defendants appealed. (ECF 54.) On January 12, 2016, the Court of Appeals for the Third Circuit summarily remanded the action to this Court for the purpose of determining "whether if [sic] had subject matter jurisdiction over this action." (ECF 117.)

  On January 14, 2016, defense counsel submitted a letter to the Court requesting "a conference to address the process to determine whether this Court has subject matter jurisdiction over the action, including Defendant's discovery (if necessary), and a briefing

schedule for Defendants' anticipated motion to dismiss." (ECF 129-1, p. 12.) The letter did not request a discovery schedule. On January 15, 2016, the Court promptly scheduled a hearing on the question of subject matter jurisdiction for January 28, 2016. (ECF 119.) The Court also stayed all prior orders and matters presently pending before it, pending the Court's resolution of the issue of subject matter jurisdiction. (Id.) Defense counsel did not object to the date of the hearing nor request discovery.

Nevertheless, defense counsel announced at the commencement of the hearing that he was not prepared to proceed without having conducted discovery. (ECF 134, p. 5.) Following a sidebar conference, the Court noticed defense counsel's objection and allowed the direct examination of Bruce S. Marks, Esq. ("Marks") to proceed. (Id., p. 6.) Following the completion of direct examination by plaintiff's counsel, the Court then announced it would allow defense counsel to cross-examine Marks by deposition and to take a limited videotaped deposition of Sergey Sokolov ("Sokolov") from Russia. (Id., pp. 59-60.) In doing so, the Court specifically stated that "[t]he Plaintiff in this case is clearly Marks & Sokolov, LLC. So I am going to give you a little leeway to establish whether Marks & Sokolov, LLC is a joint venture with anything, and that's it." (Id., p. 60.)

In a subsequent Order, the Court directed plaintiff to turn over to defense counsel certain redacted tax records for Marks & Sokolov, LLC for the years 2012 and 2013; allowed the defendants to serve written interrogatories on plaintiff limited to the ownership and control of Marks Law Offices, LLC and Marks & Sokolov, LLC.; and allowed defendants to take the limited depositions of Messrs. Marks and Sokolov. (ECF 126.) The Court subsequently denied the defendants' request to expand the scope of discovery. (ECF 130.) After granting (ECF 142) several requests from defense counsel (ECF 132, 138) for extensions to extend the discovery

deadline and date for oral argument, the Court held final oral argument on the issue of subject matter jurisdiction on March 23, 2016. (ECF 148.) At the Court's invitation, the parties have submitted briefs on the issue of subject matter jurisdiction. (ECF 144, 147.)

I.

Because defendants are presenting a factual challenge to subject matter jurisdiction, the Court is not confined to the allegations in the Complaint, but may independently evaluate the evidence to resolve disputes over jurisdictional facts. S.R.P. v. United States, 676 F. 3d 329, 343 (3d Cir. 2012). "In a factual attack, the court must weigh the evidence relating to jurisdiction, with discretion to allow affidavits, documents, and even limited evidentiary hearings." Id. at 343 quoting Turicentro S.A. v. Am. Airlines, Inc., 303 F.3d 293, 300, n.4 (3d Cir. 2002) (overruled on other grounds by Animal Sci. Prods., Inc. v. China Minmetals, Corp., 654 F. 3d 462 (3d Cir. 2011).

II.

The party invoking diversity jurisdiction bears the burden of proof. McNutt v. Gen. Motors Acceptance Corp. of Indiana, 298 U.S. 178, 189 (1936); Samuel-Bassett v. Kia Motors Am., Inc., 357 F.3d 392, 396 (3d Cir. 2004). A party meets this burden by proving diversity of citizenship between the parties by a preponderance of the evidence. McCann v. Newman Irrevocable Trust, 458 F.3d 281, 290 (3d Cir. 2006). The citizenship of an LLC is determined by the citizenship of its members. Zambelli v. Fireworks Mfg. Co., Inc. v. Wood, 592 F. 3d 412, 418 (3d Cir. 2010).

The diversity statute grants original jurisdiction to a district court over civil actions involving sums greater than $75,000, where the action is between:

    (1) citizens of different States;

>    (2) citizens of a State and citizens or subjects of a foreign state. . .;
>
>    (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties.

28 U.S.C.§ 1332(a).

Where a citizen of a foreign state is a party to an action, diversity can only be based on either § 1332(a)(2) or § 1332(a)(3). Section 1332(a)(2) only grants jurisdiction in cases between aliens on one side of the controversy and citizens on the other. Dresser Indus., Inc. v. Underwriters at Lloyd's of London, 106 F. 3d 494, 498-99 (3d Cir. 1997).  Like subsection (a)(1), complete diversity must exist between all plaintiffs and defendants under subsection (a)(2). Id., Field v. Volkswagenwerk AG, 626 F. 2d 293, 296 (3d Cir. 1980). As a result, where there are aliens on both sides of the controversy, subsection (a)(2) does not apply. Dresser, 106 F. 3d 498-99.

Section 1332(a)(3) grants federal jurisdiction where the controversy is between diverse United States citizens and aliens are additional parties. Dresser, 106 F. 3d  at 497-98. Under this provision, when citizens of different states are on both sides of the litigation and are completely diverse, the presence of aliens on one or both sides of the controversy does not destroy jurisdiction. Id. The presence of citizens of different states on both sides is a prerequisite to the application of this provision. Consequently, cases between aliens on one side and aliens and citizens on the other side "do not fit the jurisdictional pigeonhole" created by § 1332(a)(3). Id. at 499, n.2.

III.

The Complaint alleges that plaintiff is a "Pennsylvania Limited Liability Company with its principal place of business in Pennsylvania. Bruce Marks, its sole member, is a citizen and

resident of Pennsylvania." (ECF 1, ¶ 2.) The Complaint further alleges that defendant SM is a citizen and resident of California and that defendant PBW is a citizen and resident of England. (Id., ¶¶ 3,4.) The Complaint further alleges that "jurisdiction lies pursuant to 28 U.S.C. 1332(a) based upon diversity of citizenship because Plaintiff is a citizen and resident of Pennsylvania; Defendant Shahrokh Mireskandari ("SM") is a citizen and resident of California; and Paul Baxendale-Walker ("PBW") is a citizen and resident of England." (Id. ¶ 5). Thus, based solely on the allegations of the Complaint, it would appear that this Court has diversity jurisdiction under either § 1332(a)(2) or § 1332(a)(3).

Defendants argue, however, that discovery has revealed that the named plaintiff, Marks & Sokolov, LLC, is actually a fictional entity and therefore cannot be the real party at interest in this case. Rather, defendants contend that the real party at interest is a general partnership, "Marks & Sokolov, Attorneys at Law." In the alternative, defendants contend that Marks & Sokolov, LLC is a "moniker" used by a joint venture. Defendants argue that since it is undisputed that the Sokolov of Marks & Sokolov is a citizen of Russia for purposes of a general partnership and joint venture, § 1332(a)(2) cannot confer jurisdiction as there are aliens on both sides of the controversy and § 1332(a)(3) cannot confer jurisdiction because there would not be the prerequisite presence of diverse citizens on both sides of the controversy. Therefore, the Court must inquire further into the status of the named plaintiff, Marks & Sokolov, LLC.

According to the Pennsylvania Department of State Corporation Bureau, Marks & Sokolov, LLC is indeed a fictitious name that was registered on October 29, 2001. (ECF 144-6.) The registration form states that the entity interested in Marks & Sokolov, LLC is Bruce S. Marks, LLC. (Id.) The registration form was signed by Bruce S. Marks under the entity name of Bruce S.

Marks, LLC. (Id.) The return mailing address listed on the registration form, however, is listed as Marks Law Offices, LLC. (Id.)

In the Declaration of Bruce S. Marks dated January 25, 2016, Marks avers that on or about May 9, 2001, he founded Marks Law Offices, LLC, a Pennsylvania limited liability company. (ECF 122-1, ¶ 3; ECF 144-2.) Marks avers that he has always been the sole member of Marks Law Offices, LLC and that Sokolov is not and never has been a member of Marks Law Offices, LLC. (Id.; ECF 144-3.) Marks further avers that he has always possessed a 100% ownership interest in Marks Law Offices, LLC and that he takes 100% interest in all profits and losses in Marks Law Offices, LLC. (Id.; ECF 144-4.) Marks avers that he was the sole member of Marks Law Offices, LLC when the Complaint was filed on June 7, 2013. Marks also avers that on October 29, 2001, he registered Marks Law Offices, LLC as "doing business as" Marks & Sokolov, LLC and that since that time Marks Law Offices, LLC has practiced under the name "Marks & Sokolov, LLC." (ECF 122-1, ¶ 6; ECF 144-6.)

Marks avers that the registration form was filled out by his office manager. Marks notes that the form lists "Bruce S. Marks, LLC" as an entity having an interest in the business. (Id., ¶ 7.) Marks avers that this is incorrect as there has never been a "Bruce Marks, LLC." (Id.) According to Marks, the space should have been left blank as "there is no entity other than myself as an individual that has an interest in `Marks Law Offices, LLC.'" (Id.) Marks avers that on March 1, 2016, he filed an amendment witht the Pennsylvania Department of State Corporation Bureau indicating that the owner of the fictitious name Marks & Sokolov, LLC is Marks Law Offices, LLC. and that a March 18, 2016 print out of the Corporation Bureau reflects that Marks & Sokolov, LLC is and has been a registered fictitious name for Marks Law Offices, LLC since October 29, 2001. (ECF 144-10, Exh. A.)

6

Marks further avers that at the time of the filing of the Complaint through the date of the declaration, his Moscow practice operates through M & S Law, LLC, a Pennsylvania limited liability company of which he is the sole member. (Id., ¶ 8.) According to Marks, M & S Law, LLC is used to receive payment in dollars for services provided in Russia. (Id.) Marks avers that Sokolov has never been a member of M & S Law, LLC which operates under the name "Marks & Sokolov." (Id.)

Marks next avers that in 2004, Sokolov founded OAO Multilex, a Russian limited liability company that is used to receive payment in rubles for services provided in Russia. (Id., ¶ 9.) According to Marks, Sokolov is the sole member of Multilex which practices under the name Marks & Sokolov in Russia. (Id.)

Marks avers that Sokolov has no ownership, control, management or authority over Marks Law Offices, LLC. (Id., ¶ 12.) According to Marks, Sokolov does not share in the profits of Marks Law Offices and does not share in or fund the losses of the entity. (Id.)

Marks also avers that "Marks & Sokolov, LLC does participate in an associated practice group trading under the name `Marks & Sokolov' which consists of [Sokolov], myself, Marks & Sokolov, LLC, M&S Law and Multilex." (Id., ¶ 11.)  Marks avers that Sokolov "is a member of the associated practice group (which may or may not be characterized as a joint venture) which is not the plaintiff in this case." (Id.)

At the January 28, 2016 hearing, Marks testified on direct examination that "I am the sole owner of Marks Law Offices, LLC, which does business under the fictitious name Marks & Sokolov, LLC." (ECF 137-2, p.9.)  Marks testified that "I'm the sole member that owns a hundred percent of Marks Law Offices, LLC." (Id.) Marks testified that, "At no time ever has Sergey Sokolov had any ownership interest in Marks & Sokolov, LLC. I have been the 100 percent

7

member you know, owner of Marks & Sokolov, LLC at all times." (Id., at 23.) Marks further testified that he is and has been a citizen of the Commonwealth of Pennsylvania. (Id., at 35.) Marks also identified redacted personal tax returns for 2012 and 2013, which showed income from Marks Law Offices, LLC. (Id., pp. 35-36.) Marks testified that "[f]or tax purposes it's treated as a partnership and so the income or the loss for Marks Law Offices, LLC, is attributed solely to me." (Id. at 36.)

Marks testified on cross-examination at his deposition that an asterisk by his name on two articles reproduced from the American Bar Association and which appeared on the Marks & Sokolov website contained the language "Bruce S. Marks (Marks@mslaw.cc) is the managing member of Marks & Sokolov, LLC, an international law firm with offices in the United States and Russia." (ECF at 82.) Marks also identified the entry for Marks & Sokolov, LLC that appeared in Martindale-Hubbell that identifies both Messrs. Marks and Sokolov as the Managing Directors of Marks & Sokolov, LLC. (Id. at 90-91.) Marks further read a line on the website for Marks & Sokolov, Attorneys at Law from June 1, 2013 that stated, "This is why the lawyers of Marks & Sokolov function as an integrated team." (Id. at 94.) Marks further confirmed that the website for Marks & Sokolov, Attorneys at Law from June 3, 2013 listed the firm's members as Bruce Marks and Sergey Sokolov and that the copyright legend read Marks & Sokolov, LLC. (Id. at 98.) Marks also identified an email he sent to Mireskandari and others that contained the name Marks & Sokolov, LLC under the signature line and that provided an address in Philadelphia and an address in Moscow. (Id. at 102.)

Sokolov testified several times during his deposition that Marks is his partner. (ECF 145-14 at 17.)(referring to Marks as "my current partner"); (Id. at 83.) (referring to Marks as "my partner" in discussing how the two men refer to Marks & Sokolov and stating that "we're

8

together, Marks & Sokolov"); (Id. at 89. )(stating that when he makes marketing pitches, Sokolov identifies himself as a partner of Marks and when they make pitches together, they identify themselves as partners).

Sokolov further testified that he is the owner of Multilex and that Multilex operates under the name Marks & Sokolov. ("I always represented myself as Marks & Sokolov no matter who---I am. Am I just a lawyer? Am I handle [sic] a rep office?. Or am I general director of Multilex? I'm tell---I'm telling to my prospective clients or my existing clients that I am Marks & Sokolov.") (Id. at 82.)

During the deposition of Sokolov, defense counsel did not ask Sokolov if he had any type of ownership in Marks Law Offices, LLC . When asked by plaintiff's counsel whether he "ever had any ownership interest in Marks Law Offices, LLC, in 2013 or at any other time," Sokolov testified that he did not. (ECF 145-14, at 153.)

Finally, defendants have submitted a report from Lawrence Fox, Esq. who, after reviewing the record in this case, concludes, *inter alia*, that Messrs. Marks & Sokolov violated a number of fiduciary duties that they owed to their clients as well as their ethical obligations to the Courts and a result this case should be dismissed with prejudice. (ECF 145-16.)

The record in this case clearly shows that the named plaintiff, Marks & Sokolov, LLC, is a fictional entity. In addition, it is unclear from the registration form filed with the Pennsylvania Department of State Corporation Bureau in 2001, just what entity has an interest in the fictional name Marks & Sokolov, LLC. Therefore, this matter may not be prosecuted in the name Marks & Sokolov, LLC.

Having concluded that this matter may not be prosecuted in the name of Marks & Sokolov, LLC, the Court must determine what entity is the real party in interest. After all, the Federal Rules of Civil Procedure specifically state that a lawsuit "must be prosecuted in the name of the real party in interest." Fed. R. Civ. P. 17(a)(1).

After reviewing the evidence, the Court finds that Marks Law Offices, LLC d/b/a Marks & Sokolov, LLC is the real party in interest in this case. Marks avers that on or about May 9, 2001, he founded Marks Law Offices, LLC, a Pennsylvania limited liability company. (ECF 122-1, ¶ 3.) Marks also avers that on October 29, 2001, he registered Marks Law Offices, LLC as "doing business as" Marks & Sokolov, LLC and that since that time Marks Law Offices, LLC has practiced under the name "Marks & Sokolov, LLC." (ECF 122-1, ¶ 6.)

The Court further finds that based in the unrefuted averments and deposition testimony of Marks, Marks is the sole member of Marks Law Offices, LLC and hence is the sole member of Marks Law Offices d/b/a Marks & Sokolov, LLC. Marks specifically avers that he has always been the sole member of Marks Law Offices, LLC and that Sokolov is not and never has been a member of Marks Law Offices, LLC. (Id.) Marks further avers that he has always possessed a 100% ownership interest in Marks Law Offices, LLC and that he takes 100% interest in all profits and losses in Marks Law Offices, LLC. (Id.) Marks avers that he was the sole member of Marks Law Offices, LLC when the Complaint was filed on June 7, 2013. Marks supported these averments when he testified during the hearing on January 28, 2016. (ECF 137-2. pp. 9, 23, 35, 36.)

The Court further finds that Sokolov is neither a member, partner nor joint venturer with Marks Law Offices, LLC.  Indeed,  Marks avers that Sokolov has no ownership, control, management or authority over Marks Law Offices, LLC. (Id., ¶ 12.) According to Marks, Sokolov

10

does not share in the profits of Marks Law Offices and does not share in or fund the losses of the entity. (Id.) Marks avers that Sokolov is not a member and has no interest in the entity Marks & Sokolov, LLC. (Id.) Marks also avers that "Marks & Sokolov, LLC does participate in an associated practice group trading under the name `Marks & Sokolov' which consists of [Sokolov], myself, Marks & Sokolov, LLC, M&S Law and Multilex." (Id., ¶ 11.) Marks avers that Sokolov "is a member of the associated practice group (which may or may not be characterized as a joint venture) which is not the plaintiff in this case." (Id.) When asked by plaintiff's counsel whether he "ever had any ownership interest in Marks Law Offices, LLC, in 2013 or at any other time," Sokolov testified that he did not. (ECF 145-14, at 153.)

Defendants argue that "Marks & Sokolov, Attorneys at Law" is the real party at interest because the record reveals that the engagement letter presented to defendants is written on letterhead containing the name "Marks & Sokolov, Attorneys at Law", Marks moved for *pro hac vice* admission in the Mayne matter using the name Marks & Sokolov (ECF 145-1) and the Order granting the *pro hac vice* motion referred to the moving entity as simply Marks & Sokolov. (ECF 145-2.)

The Court notes that the engagement letter in this case was signed by Marks over the name Marks & Sokolov, LLC. The Court does agree with defendants that Messrs. Marks and Sokolov are, because of actions taken and facts enumerated herein, general partners in an international partnership called Marks & Sokolov, Attorneys at Law. However, Marks & Sokolov, Attorneys at Law is not the plaintiff in this case. For reasons discussed *supra*, the Court has already concluded that the record clearly reflects that Marks & Sokolov, LLC is the fictional name for Marks Law Offices, LLC d/b/a Marks & Sokolov, LLC, the real party at interest in this matter.

Therefore, defendants' argument that Marks & Sokolov, Attorneys at Law is the real party in interest is without merit.

Defendants also draw the Court's attention to an earlier case from this district, <u>Marks v. Alfa Group</u>, 2009 U.S. Dist. LEXIS 54194 (E.D. Pa. 2009).  In that case, the plaintiffs were identified as "Bruce S. Marks" and "Marks, LLC d/b/a Marks & Sokolov, LLC."  The Complaint alleged that "Marks, LLC" was a Pennsylvania limited liability company, and Bruce Marks was its sole member. <u>Marks v. Alfa Group</u>, 08-5651 (<u>Alfa Group</u> ECF 1 at ¶ 14.) In the <u>Alfa Group</u> case, Marks averred that, "I am the sole member of Marks, LLC d/b/a  Marks & Sokolov, LLC, which maintains its sole office in Philadelphia.  (<u>Alfa Group</u> ECF 53-7.)  Marks further averred that Marks & Sokolov, LLC "has two related sister Pennsylvania companies, MS Ltd., which maintains a representative office in Moscow, and MSB, LLC which maintains a representative office in Kyiv, Ukraine." (<u>Id</u>.) Marks also stated in a Sur-Reply that "three separate entities, i.e. Marks, LLC (Philadelphia), MS Ltd. (Moscow), and MSB, LLC (Kyiv) operate under the `Marks & Sokolov' brand." ( <u>Alfa Group</u> ECF 69, p. 1.)

In the beginning of its Opinion granting the defendants' motion to dismiss for lack of personal jurisdiction, the Alfa Group Court stated that  "[t]ogether with MS Ltd, a Moscow law firm with six attorneys, and MSB, Ltd., which maintains an office in Kiev with three attorneys, Marks, LLC does business under the moniker Marks & Sokolov, LLC." (Alfa Group  ECF 70, p. 2.) Based on this finding by the <u>Alfa Group</u> court, defendants argue that plaintiff is estopped from arguing that Marks & Sokolov, LLC is anything other than a moniker for Marks, LLC, MS Ltd and MSB, Ltd.

Plaintiffs had brought the <u>Alfa Group</u> action to seek recourse for an alleged defamatory statement made by the foreign defendants about the plaintiffs. The alleged statement did not

12

mention "Marks, LLC" nor "Marks & Sokolov, LLC," but only "Marks & Sokolov, a legal company operating in the UK, U.S. and Russia." (Alfa Group ECF 70, p. 13.) In granting the defendants' motion to dismiss for lack of personal jurisdiction over the foreign defendants, the Court noted that plaintiffs had failed to allege a "`specific activity' or `specific fact' showing a `deliberate targeting' [by defendants] of plaintiffs' Pennsylvania office as opposed to their law offices in Russia and the Ukraine" (as is required to satisfy the third element of the effects test articulated by the Supreme Court in Calder v. Jones, 465 U.S. 783, 788-90 (1984)). (Alfa Group ECF 70, p.15.) As a result, the Court concluded that it lacked specific personal jurisdiction over the defendants.

The matter before the Court in Alfa Group was a motion by the defendants to dismiss for lack of personal jurisdiction as opposed to subject matter jurisdiction. Therefore, the record consisted of facts pertaining to a motion to dismiss for lack of personal jurisdiction. Obviously, the standard for a motion to dismiss based on lack of personal jurisdiction is entirely different from the standard the Court employs when considering a motion to dismiss for lack of subject matter jurisdiction based on lack of diversity of citizenship. Indeed, the Alfa Group court did not perform any detailed analysis concerning the citizenship of Marks, LLC d/b/a Marks & Sokolov, LLC for purposes of subject matter jurisdiction as that issue was not before the Court. Rather, Judge Bartle's analysis was limited to which of three offices of Marks & Sokolov, as opposed to solely Marks & Sokolov, LLC, the defendants' conduct was aimed.

In addition, the "two related sister companies," MS Ltd (Moscow) and MSB, LLC (Kyiv) that Marks averred were related to Marks & Sokolov, LLC in the Alfa Group case no longer exist. They have been replaced by M & S Law, LLC, which according to Marks, is a Pennsylvania limited liability company of which is Marks is the sole member and OAO Multilex, a Russian limited liability company of which Sokolov is the sole member. (ECF 122-1 at ¶¶ 8-11.)

Finally, Marks has submitted a much more detailed declaration in this case concerning the relationship of the three entities than the declaration he submitted in the <u>Alfa Group</u> case. (ECF 122-1 at ¶¶ 4-11.) Of particular note is that Marks avers that "[i]t should be noted that Marks & Sokolov, LLC does participate in an associated practice group trading under the name "Marks & Sokolov" which consists of [Sokolov], myself, Marks & Sokolov, LLC, M & S Law and Mulitlex. Again, [Sokolov] is not a member and has no interest in the entity Marks & Sokolov, LLC. Sergey is a member of the associated practice group (which may or may not be characterized as a joint venture), which is not the plaintiff in this case." (<u>Id</u>. at 11.)

For these reasons, the Court finds that it is not bound by Judge Bartle's statement in Alfa Group that "[t]ogether with MS Ltd, a Moscow law firm with six attorneys, and MSB, Ltd., which maintains an office in Kiev with three attorneys , Marks, LLC does business under the moniker Marks & Sokolov, LLC." (Alfa Group  ECF 70, p. 2.)

Having found that Marks Law Offices, LLC d/b/a Marks & Sokolov, LLC is the real plaintiff at interest in this case, the Court must now decide whether to allow for the substitution of Marks Law Offices  LLC, d/b/a Marks & Sokolov, LLC as the plaintiff in this matter .

Rule 17(a)(3) of the Federal Rules of Civil Procedure provides that:

> [t]he court may not dismiss an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action. After ratification, joinder, or substitution, the action proceeds as if it had been originally commenced by the real party in interest.

Fed. R. Civ. P. 17(a)(3).

The Court notes that defendants did not raise an objection to Marks & Sokolov, LLC as the

named plaintiff in this matter until several months after they appealed this Court's Order denying their motion to set aside the default judgment. The delay was no doubt due to the fact that defendants were taking every avenue possible to evade service of the Complaint as detailed by the Court in its previous Memorandum Opinion. (ECF 53.)

In fact, after the Court denied defendants' motion to set aside the default judgment, defendant PBW failed to comply with the Court's Order to provide discovery in aid of execution. (ECF 50.) Instead, PBW began a trend of counsel shopping and claimed for the first time that he suffers from "a host of psychological and physiological maladies, impairing his ability to participate in court related proceedings, including, without limitation, responding to discovery." (ECF 68-3, p. 6.) The Court subsequently found PBW to be in contempt of the Court's Order to provide discovery in aid of execution. (ECF 87.)  The Court specifically noted that "based on his actions in the Superior Court of California, it appears that when PBW is a plaintiff, he has no problem directing his counsel how to proceed and makes no mention of any debilitating illness, but when he is a defendant, he suddenly suffers from a cognitive impairment which purportedly prevents him from participating in court proceedings." (ECF 86, p. 7.)  PBW also took an appeal from this Court's Order finding him to be in contempt. (ECF 93.)  It was defendants' fourth lawyer, who apparently was hired to prosecute the appeal, who first raised the issue of subject matter jurisdiction.

On the other hand, plaintiff's actions in setting up its law firms and corporate structure are troubling.  Plaintiff could have averted this entire controversy if it had simply filed the Complaint in the name of Marks Law Offices, LLC d/b/a Marks & Sokolov, LLC. The Court finds, however, that the failure to so was not the result of any bad faith, but the result of looseness and sloppiness for which Marks Law Offices, LLC d/b/a Marks & Sokolov, LLC should not have to

forfeit its lawsuit. This was clearly sloppiness on the part Marks Law Offices, LLC in both filing the Complaint in this matter in the name of a fictitious entity and in filling out the registration form for the fictitious entity in 2001 by listing the sponsoring entity as Bruce S. Marks, LLC, an entity which Marks himself averred does not exist. (It should be noted that plaintiff has since corrected this problem.) In addition, plaintiff has exhibited a troubling and careless trend of haphazardly using the names under which it does business. However, as stated by the United States Supreme Court,

> [i]t is too late in the day and entirely contrary to the spirit of the Federal Rules of Civil Procedure for decisions on the merits to be avoided on the basis of . . . mere technicalities. The Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits.

Foman v. Davis, 371 U.S. 178, 181-82 (1962)(internal citations and quotation marks omitted).

In the spirit of Foman and in the interests of justice, the Court will allow this action to proceed as if it had been originally commenced by Marks Law Offices, LLC d/b/a Marks & Sokolov, LLC. The Court will not dismiss the matter because of inadvertent errors in the filings.

Based on the record, the Court finds that the plaintiff in this case is Marks Law Offices, LLC d/b/a Marks & Sokolov, LLC. Marks is the sole member of this LLC. Since Marks is a citizen of Pennsylvania and defendant SM is a citizen of California and defendant PBW is a citizen of England, this Court has diversity jurisdiction under 28 U.S.C. § 1332(a)(2), and therefore, subject matter jurisdiction over this action.